UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRIAN SALMON,<br><br>                Plaintiff,<br><br>v.<br><br>ROGER LEWIS JR., GAMMA TRUCK LEASING INC., JOHN DOE 1-5, and ABC CORP 1-5 (the last two being fictitious designations),<br><br>                Defendants. | Case No. 2:24-cv-9716 (MEF) (SDA)<br><br>**OPINION**<br><br>Hon. Stacey D. Adams<br><br>December 16, 2025 |

**<u>STACEY D. ADAMS, United States Magistrate Judge</u>**

Before the Court are two Motions filed by Defendants Roger Lewis Jr. ("Lewis") and Gamma Truck Leasing Inc. ("Gamma") (together "Defendants") to Set a Reasonable Expert Deposition Fee for two experts offered by Plaintiff Brian Salmon ("Plaintiff"). (ECF Nos. 10 and 13). The first motion (ECF No. 10) concerns Plaintiff's expert, Dr. Roman Shulkin, an anesthesiologist, who demanded a fee of $12,000 for a full-day deposition or $8,000 for a half-day deposition, and did not provide an hourly rate. (ECF No. 10). The second motion (ECF No. 13) concerns Plaintiff's expert, Dr. Howard Baum, an orthopedic surgeon, who demanded $1,250 per hour as a fee, equating to roughly $10,000 for a full day deposition. Plaintiff did not oppose either motion. The Court has considered the papers in support of the motions. This Court decides these motions without oral argument pursuant to Fed. R. Civ. P. 78. For the reasons stated herein, both Motions are **GRANTED in part** and both expert's fees are set at **$850 per hour**.

1

## FACTUAL BACKGROUND AND RELEVANT PROCEDURAL HISTORY

Plaintiff filed a Complaint in the Superior Court of New Jersey, Bergen County on August 12, 2024 alleging personal injuries as a result of a motor vehicle accident on February 14, 2023. (ECF No. 1, Ex. A ("Compl.")). On October 10, 2024, Defendants timely removed the action to federal court. (ECF No. 1).

Plaintiff alleges that on February 14, 2023, he was operating a truck owned by Allegiance Trucks within the scope of his employment. (Compl. ¶ 1). Lewis was operating a truck owned by Gamma within the scope of his employment. (*Id.* ¶ 2). According to Plaintiff, both trucks were traveling on the New Jersey Turnpike in Lyndhurst, New Jersey when Lewis operated his vehicle in a careless, reckless, and negligent manner resulting in a collision with Plaintiff's vehicle. (*Id.* ¶ 5). As a result of this accident, Plaintiff claims he suffered severe and permanent injuries. (*Id.* ¶ 6).

The Court held an initial pretrial scheduling conference on March 4, 2025 and issued a pretrial scheduling order setting various deadlines for discovery. (ECF No. 7). On April 28, 2025, Plaintiff timely served expert disclosures on Defendants. (ECF No. 10-1 ¶ 3; ECF No. 13-1 ¶ 3). Plaintiff identified both Dr. Shulkin and Dr. Baum as experts. (*Id.*). Dr. Shulkin is an anesthesiologist and Dr. Baum is an orthopedic surgeon. (ECF No. 10-1 ¶ 5; ECF No. 13-1 ¶ 4). Defendants contacted Plaintiff to seek the depositions of both experts and inquired as to their rates for appearing. (ECF No. 10-2; ECF No. 13-2).

Dr. Shulkin demanded a fee of $12,000 for a full day of testimony. (ECF No. 10-3). Defendants contacted Plaintiff and asked Dr. Shulkin to set a more reasonable hourly fee. (ECF No. 10-1 ¶ 8). In response, Plaintiff indicated that Dr. Shulkin charged $8,000 for a half day or $12,000 for a full day of testimony, but no hourly fee was provided. (*Id.*). On June 12, 2025, Defendants requested leave to file a motion for the Court set a reasonable hourly fee for Dr.

2

Shulkin. (ECF No. 8). The Court granted leave (ECF No. 9), and Defendants filed the instant motion. (ECF No. 10). In the motion, Defendants asked the Court to set Dr. Shulkin's fee at $450 an hour, which they argue is a reasonable fee for an anesthesiologist. (*Id.* ¶ 15).

Dr. Baum demanded a fee of $1,250 per hour to appear for a deposition, equating to roughly $10,000 for a full day deposition. (ECF No. 13-1 ¶ 6). On June 25, 2025, Defendants filed a letter requesting leave to file another motion to set a reasonable expert fee for Dr. Baum. (ECF No. 11). The Court held a status conference on July 10, 2025 and subsequently issued an amended scheduling order, which granted Defendants' request for leave. (ECF No. 14). Defendants then filed the instant motion. (ECF No. 13). In this motion, Defendants again ask the Court to set Dr. Baum's fee at $450 per hour, which Defendants claim is the prevailing rate for orthopedic surgeons to testify at a deposition. (ECF 13-1 ¶ 15). Plaintiff failed to oppose either motion.

## **LEGAL STANDARD**

"A party may depose any person who has been identified as an expert whose opinions may be presented at trial." Fed. R. Civ. P. 26(b)(4)(A). Further, "[u]nless manifest injustice would result, the court must require that the party seeking discovery . . . pay the expert a *reasonable* fee for time spent in responding to discovery. . . ." Fed. R. Civ. P. 26(b)(4)(E) (emphasis added). Generally, "the party taking the expert's deposition will bear the costs charged by the expert for the testimony." *Reed v. Binder*, 165 F.R.D. 424, 427 (D.N.J. 1996); *Dawn Rest., Inc. v. Penn Millers Ins. Co.*, No. 10-cv-2273 (MLC), 2012 WL 13027959, at *3 (D.N.J. July 19, 2012). However, "the party seeking reimbursement bears the burden of showing that the requested fees and costs are reasonable." *Dawn Rest.*, 2012 WL 13027959, at *3 (citing *Ndubizu v. Drexel Univ.*, No. 07-cv-3068, 2012 WL 682343, at *2 (E.D. Pa. Feb. 8, 2012); *Packer v. SN Servicing Corp.*, 243 F.R.D. 39, 42 (D. Conn. 2007); *Fiber Optic Designs, Inc. v. New England Pottery, LLC*, 262 F.R.D. 586,

3

589 (D.Colo. 2009)). "[R]egardless of the fee that the retaining party may have agreed to pay its expert, the court has a duty to determine the reasonableness of fees owed by the deposing party and must adjust fees that are deemed unreasonable." *Dawn Rest.*, 2012 WL 13027959, at *3 (citing *Jochims v. Isuzu Motors, Ltd.*, 141 F.R.D. 493, 496 (S.D. Iowa 1992); *Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 356 (5th Cir. 2007); *Ndubizu*, 2012 WL 682343, at *2).

In determining whether an expert fee pursuant to Rule 26(b)(4)(E) is reasonable,

> courts consider seven criteria: (1) the witness's area of expertise; (2) the education and training required to provide the expert insight that is sought; (3) the prevailing rates of other comparably respected available experts; (4) the nature, quality, and complexity of the discovery responses provided; (5) the fee actually charged to the party who retained the expert; (6) fees traditionally charged by the expert on related matters; and (7) any other factor likely to assist the court in balancing the interest implicated by Rule 26.

*Dawn Rest.*, 2012 WL 13027959, at *3 (citing *Fisher-Price, Inc. v. Safety 1st, Inc.*, 217 F.R.D. 329, 333 (D. Del. 2003)); *see also Crawford v. Am. Legion Ambulance Ass'n*, No. 08-cv-2338 (KMW), 2009 WL 5218060, at *1 (D.N.J. Dec. 30, 2009). Additionally, if a requesting party declines to limit the duration of a deposition, courts have held that the doctor's inability to schedule other matters or see other patients can be accounted for when setting an expert's reasonable fee and his or her total compensation. *See, e.g., Harvey v. Schultz*, No. 99-cv-1217 (JTM), 2000 WL 33170885, at *2 (D. Kan. Nov. 16, 2000) (reasonable fee for treating physician included consideration of unlimited duration of deposition); *Massasoit v. Carter*, 227 F.R.D. 264, 267-68 (M.D.N.C. 2005) ("Because depositions can be of an uncertain length, an expert may be called upon to reserve an indefinite amount of time, such as a half-day or a day. In that instance, a party may have to pay for that reservation, whether that time is used or not. This situation particularly arises when the expert, such as a physician, has had to clear his or her schedule and, therefore, will have lost income") (citing *Harvey*, 2000 WL 33170885 *supra*). Ultimately, setting a reasonable

fee is in the Court's discretion. *Id.*; *Durkin v. Paccar, Inc.*, 10-cv-2013 (AMD), 2012 WL 12887769, at *3 (D.N.J. Dec. 28, 2012); *Fleming v. U.S.*, 205 F.R.D. 188, 189 (W.D. Va. 2000).

## ANALYSIS

In the instant matter, while Defendants do not object to paying a fee for the depositions of Plaintiff's experts, they merely dispute the amount of that fee. Therefore, the only issue before the Court is the reasonableness of both Dr. Shulkin and Dr. Baum's respective fees. However, the Court has virtually no information before it to determine what constitutes a reasonable fee.

Defendants argue that the fee for both doctors should be set at $450 per hour. With respect to Dr. Shulkin, Defendants claim that "anesthesiology experts like Dr. Shulkin, generally are paid approximately $450 hourly for their appearance for a deposition" and that this is the "prevailing rate." (ECF No. 10-1 ¶ 12). However, Defendants provide no support for this conclusory statement, making it impossible to evaluate the seven factors courts normally assess when setting expert fees. *Dawn Rest.*, 2012 WL 13027959, at *3. They did not provide any data for comparators or information concerning fees charged by similarly-situated doctors in other cases. Defendants also assert that Dr. Shulkin is not a "preeminent expert in his field" but rather "an ordinarily qualified anesthesiologist" affiliated with a practice that is "widely known for their deep involvement in treatment of personal injury litigants." (*Id.* ¶ 14). Yet, Defendants do not provide Dr. Shulkin's curriculum vitae, examples of other personal injury cases in which he or his practice served as experts, or the fees charged in those matters. Indeed, the only useful piece of information Defendants provide to help the Court determine a reasonable fee is in a footnote wherein Defendants set forth (albeit without a citation) that the U.S. Bureau of Labor Statistics mean annual income for an anesthesiologist in 2023 was $339,470. (*Id.* ¶ 15, n. 1).

5

Although Dr. Baum, an orthopedic surgeon, practices a completely different specialty from Dr. Shulkin, an anesthesiologist, Defendants posit that he too should be paid $450 per hour. (ECF 13-1 ¶ 11). Like they did with Dr. Shulkin, Defendants summarily assert that "orthopedic experts like Dr. Baum, generally are paid $450 hourly…" and that this is the "prevailing rate." (*Id.*). They offer no evidence or data to support this contention. Defendants again claim that Dr. Baum is not a "preeminent expert" but rather a "ordinarily qualified orthopedic surgeon," without providing his curriculum vitae or explaining the standards by which they measured whether a surgeon is "ordinary" versus "preeminent. (*Id.* ¶ 13). Again, Defendants provide the U.S. Bureau of Labor Statistics mean annual income for an orthopedic surgeon of $378,250, but do not provide a citation for this information. (*Id.* ¶ 14, n. 1).

Importantly, Plaintiff carries the burden of demonstrating the reasonableness of his experts' demanded fees. *Reed*, 165 F.R.D. at 427; *Dawn Rest.*, 2012 WL 13027959, at *3. However, Plaintiff did not oppose either motion or provide the Court with any information that might explain why either Dr. Shulkin or Dr. Baum's demanded fee is reasonable. Indeed, Plaintiff did not even provide the Court with the experts' curriculum vitae.

This leaves the Court to determine a reasonable rate based on limited information and evidence. The Court has no information about either doctor's training, education or experience, the complexity of their anticipated testimony in this case, the anticipated length of their depositions, the fees being charged to Plaintiff, the fees Defendants are paying for their rebuttal experts in these fields, the fees charged by similarly situated physicians for expert deposition testimony, or either doctor's regular billing rates. In such situations, the Court is left to use its discretion to determine a reasonable legal fee. *Tonge-Langron v. Doctors' Ctr. Hosp. San Juan*, No. 19-cv-1061 (DRD), 2020 WL 6152594, at *3 (D.P.R. Aug. 26, 2020); *New York v. Solvent Chem.*

6

*Co., Inc.*, 210 F.R.D. 462, 468 (W.D.N.Y. 2002) ("If the parties provide little evidence to support their interpretation of a reasonable rate, the court may use its discretion to determine a reasonable fee.").

The Court's own research reveals that courts around the country have concluded that reasonable deposition fees for an orthopedic surgeon vary from $400 per hour to over $1500 per hour. *See, e.g.*, *Clossin v. Norfolk S. Ry. Co.*, No. 13-cv-01, 2014 WL 3339588, at *2 (W.D. Pa. July 8, 2014) ($1500 for first three hours and $400 per hour thereafter); *Carulli v. NJ Transit Rail Operations, Inc.*, No. 23-cv-4271 (MCA) (JSA), ECF No. 45 (D.N.J. July 22, 2025) ($900); *Addison v. Gordon*, 338 F.R.D. 577, 579 (E.D.N.Y. 2021) ($500); *Korabik v. Arcelormittal Plate LLC*, 310 F.R.D. 205, 208 (E.D.N.Y. 2015) ($475); *Ey v. Sam's East, Inc.*, No. 17-cv-551 (PED), 2020 WL 2415560, at *3 (S.D.N.Y. May 12, 2020) ($400); *Jones v. Nat'l R.R. Passenger Corp.*, No. 15-cv-2726 (TSH), 2022 WL 834315, *4 (N.D. Cal. Mar. 21, 2022) ($1,050); *Grauvogl v. Roby*, No. 11-cv-333 (WCL) (PRC), 2012 WL 4959478, *2 (N.D. Ind. Oct. 17, 2012) ($1,500); *Marcelli v. Ace Am. Ins. Co.*, No. 10-cv-3025 (PAB) (KMT), 2012 WL 3744635 (D. Colo. Aug. 29, 2012) ($1,000). The Court located only one case addressing the reasonable deposition fees for anesthesiologists, which set the rate at $600 per hour. *See Bandy v. Kimsey*, No. 09-cv-82, 2010 WL 4630828, at *2 (N.D. Ind. Nov. 4, 2010).

Given the scant evidence before it, and the complete silence from Plaintiff on this issue, the Court determines that $850 is a reasonable hourly rate for both Dr. Baum and Dr. Shulkin. For Dr. Baum, this is the midway point between his demanded fee of $1,250 and the $450 rate Defendants proposed. It is also roughly midpoint for deposition fees set around the country for orthopedic surgeons, with a slightly higher rate to account for inflation and the generally higher rates charged in this geographic area. *See Dawn Rest.*, 2012 WL 13027959, at *5 (averaging the

hourly rate of two experts, one proposed by plaintiff and one by defendant, whose work most closely resembled the expert whose fees were at issue to determine reasonable fee).

For Dr. Shulkin, no hourly rate was provided, but his demand of $8,000 for a half day and $12,000 for a full day suggests an hourly rate was $2,000 for the first four hours and $1,500 for the remaining four hours. Rule 26 disfavors reimbursing expert depositions at flat amounts. *Korabik*, 310 F.R.D. at 207. "Because Rule 26(b)(4)(E) authorizes compensation only for 'time spent in responding to discovery[,]'" an expert "cannot unilaterally impose a 'flat fee' which is unrelated to time actually spent" giving deposition testimony. *Addison*, 338 F.R.D. at 579 (S.D.N.Y. 2021) (citation omitted). In setting a reasonable hourly rate, the only case discovered from the Court's research set the expert fee for an anesthesiologist for $600 an hour – however the case is 15 years old and emanates from the Northern District of Indiana. *Bandy*, 2010 WL 4630828, at *2. Given the passage of time and accounting for the historically higher rates charged in this geographic area, the Court believes $850 per hour is a reasonable expert fee for Dr. Shulkin.

Should either doctor insist on being paid their demanded fee to sit for deposition, Plaintiff must pay the excess between the rate set by the Court and the rate demanded by the doctor. *Reed*, 165 F.R.D. at 428 n. 3 ("Where the expert charges more than what a court determines is a 'reasonable' fee, the party retaining that expert must pay the amount over and above the 'reasonable' rate."); *see also Grauvogl*, 2012 WL 495478, at *2 (should the expert demand a higher fee, "Plaintiff, who has not filed a petition to proceed in forma pauperis, must pay the excess").

## CONCLUSION

For the foregoing reasons, Defendants' motions are **GRANTED in part**. Both Dr. Shulkin and Dr. Baum's rates for their depositions shall be set at **$850 per hour**.

*s/ Stacey D. Adams*
Hon. Stacey D. Adams
United States Magistrate Judge
